Zimmerman, J.
This is an appeal from an order of the Public Utilities Commission sustaining a complaint filed with it by the United Rural Electric, hereinafter called complainant, against the Dayton Power & Light Company, hereinafter called respondent, involving an interpretation and application of Section 4905.261, Revised Code. That section reads, in part, as follows:
“Whenever a public utility proposes to furnish or furnishes electric energy to a consumer and which consumer is *66 being furnished or was being furnished electric energy by another public utility, the latter public utility may file a complaint with the Public Utility Commission protesting the furnishing of service by the other public utility. Such complaint shall be filed within 90 days from the date the public utility which is furnishing electric energy discovers that another utility proposes to furnish the consumer with electric energy. In the event a consumer has been disconnected from the lines of a public utility, and electric energy has not been furnished said consumer for a period of more than 90 days, no right to file a complaint shall accrue under the provisions of this section. The commission upon finding that the complaining public utility has been furnishing or will furnish an adequate service to such consumer and that the public utility complained against will duplicate facilities of the complainant, shall order the public utility complained against not to furnish electric energy to such consumer. ’ ’ (Emphasis added.)
Both the public utilities above named supply electric energy to'consumers in the same general territory. In its complaint, complainant alleges that for a number of years it had furnished electric energy and service to a farm now owned by one Zimmerman in Round Head Township, Hardin County, and had its lines connected to a residence on such farm at a meter box; that it is able and willing to continue its electrical service to such residence; and that within 90 days of filing its complaint it discovered that respondent was constructing a line to such premises and unless restrained respondent will duplicate the facilities of complainant, contrary to the provisions of Section 4905.261, Revised Code.
The matter was referred by the commission to one of its attorney-examiners for findings and recommendation. The findings supported by evidence are that there has been a disconnection of the lines of complainant from the residence in issue, at Zimmerman’s request, and that electrical energy had not been furnished at such residence by complainant for a period of more than 90 days prior to the installation of lines and service by respondent. Hence, by the terms of the quoted statute no right to file the complaint existed. It was recommended that respond *67 ent’s motion to dismiss be sustained and tbe complaint dismissed.
Upon consideration of tbe complaint by tbe commission, it adopted in all respects tbe summary of the evidence submitted by the attorney-examiner. However, tbe commission took tbe view that “it is not tbe intent of tbe statute [Section 4905.261, Revised Code] to enable a consumer to employ its provisions to effect a transfer in service from one company to another by tbe simple expedient of requesting a discontinuance of its existing service and better service from another company operating in or near tbe area. ’ ’
In its final order of September 25, 1961, tbe commission found as follows:
í Í * *
“ (2) That there has been a disconnection from tbe lines of tbe complainant;
“ (3) Electric energy has not been furnished tbe residence involved herein for a period of more than ninety (90) days prior to tbe installation of the lines and service by tbe respondent;
“(4) Service was disconnected at tbe request of tbe consumer, and through no fault of or refusal to serve on tbe part of tbe complainant, and therefore tbe [above-emphasized] provisions of Section 4905.261 of tbe Revised Code, do not apply in this proceeding # *
Thereupon, tbe commission, in effect, sustained tbe complaint and ordered respondent to discontinue furnishing electric service and facilities to tbe premises covered by tbe complaint.
It may be that tbe commission’s order constitutes a practical solution to a problem of tbe kind presented here, but, in our judgment, the commission evaded tbe emphasized portion of the quoted statute and has construed tbe statute beyond the expressed intent of tbe General Assembly. As we read tbe statute, where tbe consumer of electricity has been disconnected from tbe lines of a public utility supplying him service, either at bis request or by the independent action of tbe utility, and electric energy is not furnished such consumer by tbe utility for a period of more tiian 90 days, as was tbe case in the instant controversy, no right to file a complaint accrues.
*68 We think respondent’s motion to dismiss the complaint should have been granted, and that the order as made by the commission is unreasonable and unlawful.

Order reversed.

Taft, Matthias, Crawford, O’Neill and G-riffith, JJ., concur.
Crawford, J., of the Second Appellate District, sitting by designation in the place and stead of Herbert, J.